UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-321-DMG (Ex)** | Date | August 31, 2017 |
| Title | *Michael Grecco Prods., Inc. v. Manny De La Rosa, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [20]**

On January 13, 2017, Plaintiff Michael Grecco Productions, Inc. d/b/a "Michael Grecco Photography" ("Plaintiff") filed its Complaint against Defendant Manny De La Rosa d/b/a "Manny the Movie Guy" ("Defendant"), which asserted a claim for copyright infringement. [Doc. # 1.] Defendant has not appeared in this matter. Accordingly, Plaintiff requested the Clerk to enter default against Defendant on June 21, 2017. [Doc. # 17.] The Clerk entered default against Defendant on June 26, 2017. [Doc. # 18.] Plaintiff now moves for default judgment ("MDJ"). [Doc. # 20.]

## I.
## ANALYSIS

### A. Local Rule 55-1 and *Eitel* Factors

Plaintiff has complied with the procedural requirements for default judgment. *See* Fed. R. Civ. P. 55(b); C.D. Cal. L.R. 55-1; Declaration of David Shein ("Shein Decl.") at ¶¶ 1–4 [Doc. # 20 at 19]. Moreover, the Court has considered the *Eitel* factors and concludes that they weigh in favor of entering default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Plaintiff, an award-winning photographer known in part for his celebrity portraits, has established ownership of the copyrighted artwork at issue and that Defendant published images of that artwork online without authorization. *See* Declaration of Michael Grecco ("Grecco Decl.") at ¶¶ 2, 4–5 & Ex. 1 (Plaintiff's ownership), 6 & Ex. 2 (Defendant's unauthorized publication); Doc. # 22-1 (copyright registration). Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendant exists and Plaintiff has already incurred expenses pursuing its claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has submitted a well-pleaded complaint and the unopposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-321-DMG (Ex)** | Date | August 31, 2017 |
| Title | *Michael Grecco Prods., Inc. v. Manny De La Rosa, et al.* | Page | 2 of 4 |

evidence it submits establishes its claims for willful copyright infringement. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (at default judgment, "all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement"). The sum of money at stake is substantial: Plaintiff requests damages in the form statutory damages, injunctive relief, and attorney's fees and costs. *See infra*, section I.B. Defendant has had several opportunities to defend himself but has inexcusably chosen not to appear.

Finally, because entry of default leads to the presumption that Plaintiff's allegations are true and, since Defendant has not appeared, there is no dispute as to material facts. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Given the foregoing, the policy favoring decisions on the merits does not prevent entry of default judgment.

**B.   Remedies**

**1.   Statutory Damages**

Plaintiff is entitled to statutory damages of up to $150,000 per work under 17 U.S.C. section 504(c)(2) given Defendant's willful infringement. Absent willfulness, Plaintiff is entitled to up to $30,000 per infringed work under section 504(c)(1). Plaintiff seeks $30,000 for the willful infringement of a single work. MDJ at 14. This is disproportionate to any harm Plaintiff may have suffered, especially since Plaintiff offers no other explanation for seeking this amount beyond Defendant's alleged willfulness and the fact that the amount is within statutorily prescribed minimum and maximum damages. Nonetheless, the Court finds an award in the amount of $10,000 is reasonable and sufficient to sanction Defendant and deter future infringement. *See Warner Bros. Home Entertainment Inc. v. Shi*, No. CV 12-07753-DMG (PLAx) (C.D. Cal. Feb. 22, 2013) [Doc. # 14] (awarding plaintiff, who "provide[d] no explanation for the amount sought per Work beyond [Defendant's] willfulness," $4,000 per work, or $52,000 total, where plaintiff sought $25,000 per work, or $325,000 total). Additionally, the Court concludes that Plaintiff is entitled to post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-321-DMG (Ex)** | Date | August 31, 2017 |
| Title | *Michael Grecco Prods., Inc. v. Manny De La Rosa, et al.* | Page | 3 of 4 |

### 2. Injunctive Relief

In his Complaint, Plaintiff requests that the Court enjoin Defendant from further infringement of the copyrighted artwork. Section 502(a) of the Copyright Act, authorizes the Court to grant injunctive relief as it may deem reasonable to prevent or restrain infringement of a copyright. Courts grant injunctive relief even in situations of default as long as the requirements are met. *Amini Innovation Corp. v. KTY Int'l Marketing*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011). To establish that injunctive relief is warranted, Plaintiff must show (1) irreparable harm; (2) lack of adequate remedies at law; (3) that the balance of hardships weighs in his favor; and (4) that an injunction is in the public interest. *Id.* Although Plaintiff did not directly address these factors in its MDJ, the arguments therein, the Complaint's allegations, and this Circuit's precedent demonstrate that these factors are established here. *See Apple Inc v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009) (where defendant unlawfully infringes on plaintiff's copyright, balance of hardship and public interest favor permanent injunction). The Court thus finds that a permanent injunction enjoining Defendant from further infringement of Plaintiff's copyrighted artwork is appropriate.

### 3. Attorney's Fees and Costs

Under the Copyright Act, a court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. An award of reasonable attorney's fees in a default judgment action is also appropriate under the Local Rules. *See* L.R. 55-3. Under Local Rule 55-3's schedule, and consistent with the Court's award of $10,000 in statutory damages, Plaintiff's counsel is entitled to $300 plus 10% of the amount over the $1,000 minimum, for a total fee award of $1200. The Court also awards Plaintiff $729.07 in costs. *See* Shein Decl. ¶ 6.

## II.
## CONCLUSION

In light of the foregoing, Plaintiff's default judgment application is **GRANTED**. The Court will enter judgment as follows:

1. Judgment shall be entered in favor of Plaintiff Michael Grecco Productions, Inc. d/b/a "Michael Grecco Photography" and against Defendant Manny De La Rosa d/b/a "Manny the Movie Guy" in the total amount of $10,000 in statutory damages under 17 U.S.C. section 504(c), plus $1,200 in attorneys' fees and $729.07 in costs;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-321-DMG (Ex)** | Date | August 31, 2017 |
|---|---|---|---|
| Title | *Michael Grecco Prods., Inc. v. Manny De La Rosa, et al.* | Page | 4 of 4 |

2. Defendant is ordered to pay interest on the principal amount of the judgment to Plaintiff pursuant to 28 U.S.C. § 1961(a); and

3. Defendant and his successors, agents, officers, servants, employees, attorneys and representatives, and all persons acting in concert or participation with them are hereby restrained and enjoined from selling, licensing, producing, re-producing, printing, giving or in any other way using any of Plaintiff's copyrighted works.

**IT IS SO ORDERED.**